# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

IN RE:

JULIE KAY BERGSTROM,

Case No. 08-22015

Debtors.

## **THIRD AMENDED CHAPTER 13 PLAN**

DEBTOR'S ATTORNEY:   Richard C. Wallace of Evans & Mullinix P.A.
Kansas Supreme Court #7536

DEBTORS:   Julie Kay Bergstrom SS# xxx-xx-7851

ADDRESS:   1391 East 120th Street, Olathe, KS 66061

**YOUR RIGHTS** WILL **BE AFFECTED.** You SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A TIMELY WRITTEN OBJECTION. THIS PLAN MAY BE CONFIRMED WITHOUT FURTHER NOTICE OR HEARING UNLESS WRITTEN OBJECTION IS FILED BEFORE THE DEADLINE STATED ON THE SEPARATE NOTICE YOU SHOULD HAVE RECEIVED FROM THE COURT.

UNLESS OTHERWISE NOTED, ALL STATUTORY REFERENCES BELOW ARE TO TITLE 11 OF THE UNITED STATES CODE.`

UNLESS OTHERWISE NOTED, ALL REFERENCES TO "COURT" ARE TO "THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS."

FOR THE PURPOSES OF THIS PLAN THE FOLLOWING DEFINITIONS SHALL APPLY:

1.    EMA SHALL MEAN EQUAL MONTHLY AMOUNT.

2.    DSO SHALL MEAN DOMESTIC SUPPORT OBLIGATION AS DEFINED IN § 101(14A) OF THE BANKRUPTCY CODE

**PLAN PAYMENT:**

a.    *Plan payments shall be $550.00 and are to be deducted from Debtor's paychecks as follows:*

| Debtor's Name | Amount Every Month | Employer | Employer Address |
|---|---|---|---|
| Julie Bergstrom | $550.00 | Leavenworth School District #453 | PO Box 969 1100 3rd Ave. Leavenworth, KS 66048 |

a.  *Based upon Debtors' Official Bankruptcy Form B22C, the Applicable Commitment Period for this plan is 60 months and 60 X $102.37 = $6,142.20, the amount required to be paid to unsecured creditors. In any event, Debtors reserve the right to extend the plan payments to 60 months. The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period. After confirmation, Debtors reserve the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all allowed unsecured claims in full and those proposed to be paid under this Plan.*

b.  *Except as otherwise provided in the confirmed Plan or in the order confirming the Plan, the Trustee shall make payments to creditors under the Plan. The Trustee shall only make payments to creditors with filed and allowed claims. The Chapter 13 Trustee shall be paid his statutory fee on all funds disbursed by him.*

c.  *The Plan payments shall commence within 30 days of the date that the petition is filed. If the Plan provides for a voluntary wage assignment to an employer and the wage assignment has not gone into effect, timely payment is the Debtors' responsibility. Once a Plan is confirmed, that Plan payment remains in effect until such time as the court confirms a subsequent amendment.*

d.  *The Debtors shall devote to the Plan all of the Debtors' monthly disposable income as defined by § 1325(b)(2) and as calculated under the means test for payment to unsecured creditors for the applicable commitment period from the date that the first Plan payment is due under §1326(a)(1) unless the Plan provides for payment in full of all allowed unsecured claims over a shorter period. Projected disposable income is defined in §§1325(b)(2) and (b)(3) and the applicable commitment period is defined in §1325(b)(4).*

PROOFS OF CLAIM:

a.  The Trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed a proof of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. § 502(c). However, if a creditor does not file a timely proof of such creditor's claim, then either the Debtor or the Trustee may file such claim as provided for by 11 U.S.C. § 501(c) and, in that event, such claim shall be deemed a claim for all purposes under the Plan.

      b.    The Trustee shall mail payments to the address provided on the proof of claim <u>unless</u> the claimant provides the Trustee with another address, in writing, to which payments should be sent. If the claim is transferred or assigned, the Trustee shall continue to remit payments to the original claimant <u>until</u> a formal notice of assignment or transfer is filed with the Court.

**<u>TAX REFUND FOR THE YEAR IN WHICH THE DEBTORS FILED THIS BANKRUPTCY:</u>** If the Debtors are owed a tax refund on the date of filing, the Debtors hereby assign and transfer to attorney all interest in and to any claims for refunds of State and Federal income taxes overwithheld or overpaid during the relevant taxable year to the extent of attorneys fees. The Debtors agree to deliver to Assignee, Richard C. Wallace, any tax refund checks received for the taxable year. Assignee shall retain from such refund checks the amount of his unpaid fees for legal services rendered in this case and, if greater than the amount currently owing, as allowed by the Court. Assignee shall distribute any excess sums to the Trustee. In the event the refunds are paid to the Trustee directly by the Debtors, the Trustee shall distribute to the Assignee sufficient sums from the refund to fully satisfy any unpaid attorney fees.

**<u>ATTORNEYS FEES:</u>** Total pre-confirmation attorney fees are a minimum of $2,500.00. $0.00 has been paid by the Debtors to the attorney. The balance, $2,500.00, shall be paid from Plan payments in an equal monthly amount of $100.00. In the event the case is dismissed or converted prior to Confirmation, the funds held by the Trustee shall be paid to the attorney in satisfaction of all outstanding fees. Counsel for Debtors reserves the right to submit additional fee applications either on a time and charges basis or for specific tasks. The Debtors consent to such increases in plan payments as may be necessary to pay such additional fees. If Debtors have proposed equal monthly installments to be paid to certain creditors, once the attorney fees are paid, those funds that were designated for attorney fees will be paid pro rata to secured creditors, in addition to the proposed fixed monthly payment.

**<u>FILING FEES'</u>** Have already been paid.

**<u>PRIORITY CLAIMS:</u>** CLAIMS FOR WHICH A TIMELY AND ALLOWED PROOF OF CLAIM IS NOT FILED SHALL NOT BE PAID AND SHALL BE DISCHARGED WITHOUT PAYMENT. §1322(a)(2) provides that all claims entitled to priority under §507(a) shall be paid in full in deferred cash payments, except for a priority claim under §507(a)(1)(B), unless the holder of a particular claim agrees to a different treatment of such claim. All priority claims, regardless of the underlying basis for the claim, are similarly classed for purposes of distribution under this Plan unless otherwise specified in paragraph 11 or other order of the court.

    1.    <u>Domestic Support Obligations:</u>

      a.    The Debtors shall pay all post-petition DSO claims directly to the holder of the claim and not through the Chapter 13 Plan payments.

| Name, DSO claim holder | Address, city & state | Zip code | Telephone number |
|---|---|---|---|
| *Chris Lanius - medical bill* | *15110 West 143rd Terrace, 66061* | | *N/A* |
| *reimbursement (on going)* | *Olathe, KS 66061* | | |

3

b.     DSO arrearages shall be ᴾaid from the Chaᴾter 13 Plan payments.

| Name, address phone number of DSO claim holder | Estimated Arrearage Claim | EMA |
|---|---|---|
| *Chris Lanius* | *$1,825.00* | *$80.00* |

c.     The Debtors shall pay all post-petition DSO assigned to a governmental unit directly to the assignee of the claim and not through the Chapter 13 Plan payments.

| Name DSO claim holder | Monthly DSO |
|---|---|
| N/A | |

2.     <u>Other Priority Claims:</u> Debtors shall pay all allowed priority claims under 11 USC 507, without post petition interest. Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtors for those taxes. The specific dollar amount to be paid shall be in accordance with the creditor's proof of claim unless the Debtor or Trustee files an objection to the claim and such objection is sustained. (Certain tax claims may be secured and will be treated accordingly, if they exist).

| CREDITOR | EST. CLAIM | TO BE PAID WITHOUT INTEREST |
|---|---|---|
| *Internal Revenue Service* | *$1,980.74* | *Allowed Priority Claim* |
| *Internal Revenue Service (2010)* | *$3,332.74* | *Allowed Priority Claim* |
| *Kansas Dept. of Revenue* | *$926.00* | *Allowed Priority Claim* |
| *Kansas Dept. of Revenue  (2010)* | *$1,069.00* | *Allowed Priority Claim* |

**TAX RETURNS:** Federal and State tax returns due for the preceding four (4) years have been filed. Debtors will timely file all tax returns during the pendency of this case.

**PRIMARY RESIDENTIAL HOME MORTGAGE:** Mortgage arrearages shall be paid through the Plan (1) without interest, unless ordered otherwise by the Court, and (2) pro rata with other creditors over the life of the Plan, Post-petition mortgage payments will be paid by the Debtors directly to the creditor and will not be included in the Plan payment. The amount of the pre-petition arrearage as specified in the creditor's proof of claim shall govern, unless specifically controverted in this plan or by an objection to the claim as required by D. Kan. LBR 3015(b).1. Creditors will be bound by the interest rate stated in the Plan, unless modified by a separate order.

The holders of claims secured by a mortgage on real property of the Debtors proposed to be cured in this section shall adhere to and shall be governed by the following:

a.     *Prepetition defaults.* If the Debtors pay the arrearage amount specified in the mortgage creditor's timely filed Proof of Claim, while timely making all required post petition payments, (including any other reasonable amounts that properly

4

come due pursuant to the pre-petition contractual agreement of the parties and of which the creditor gives such timely and appropriate notice as the parties' pre-petition agreement requires), the mortgage will be current according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage or other loan documents based upon pre-petition events.

b. *Postpetition defaults.* On mortgage note obligations, within sixty (60) days of issuing the final payment of the home mortgage cure amount (arrearages), the Trustee shall serve upon the mortgagee, its attorney, the Debtors and the Debtors' attorney a notice stating that:

1.     the cure amount (arrearages) has been paid, satisfying all prepetition arrearage obligations of the Debtors;

2.     the mortgagee is required to treat the mortgage as reinstated and fully current unless the Debtors have failed to make timely payments of postpetition obligations;

3.     if the Debtors have failed to make timely payments of any postpetition obligations within sixty (60) days after the Trustee's notice, the mortgagee is required to file a Statement of Outstanding Obligations, consisting of an itemization of all outstanding payment obligations as of the date of its statement, with service upon the Trustee, the Debtors and the Debtors' attorney;

4.     if the mortgagee fails to file and serve a Statement of Outstanding Obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms ad fully current as of the date of the Trustee's notice; and

5.     if the mortgagee does serve a Statement of Outstanding Obligations with the required time, the Debtors may within thirty (30) days of service of the Statement:

     a.     challenge the accuracy thereof by motion filed with the Court, to be served upon the mortgagee, its attorney and the Trustee, or

     b.     propose a modified plan to provide for payment of additional amounts that the Debtors acknowledge or the Court determines are due.

6.     To the extent that amounts set forth on a timely filed Statement of Outstanding Obligations are not determined by the Court to be invalid or are not paid by the Debtors through a modified plan, the right of the mortgagee to collect these amounts will be unaffected.

5

7. No real estate creditor shall ever assess, charge or collect, from either the Debtors or the real estate collateral, any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge, except as may be allowed by court order or an allowed proof of claim

| Mortgage Company | Mo. Pymt Amt. | Est. Arrears | Est. Total Debt |
|---|---|---|---|
| *Countrywide Home Loans* | *N/A* | *N/A* | *$115,000.00* |
| *Countrywide Home Loans* | *N/A* | *N/A* | *$28,000.00* |

***NOTE: Debtor proposes to surrender the real property known as 1391 East 120th Street, Olathe, KS, legally described as Unit 1391, Building 3, Village Gardens Condominium, a subdivision in the City of Olathe, Johnson County, Kansas.***

EACH MORTGAGE LENDER IS HEREBY REQUESTED TO CONTINUE TO BILL THE DEBTORS DIRECTLY FOR ALL OBLIGATIONS WHICH COME DUE POST-PETITION, INCLUDING POST- PETITION PAYMENTS. THE DEBTORS HEREBY CONSENT TO MODIFICATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(A) TO ALLOW RESIDENTIAL MORTGAGE LENDERS TO BILL THE DEBTORS DIRECTLY FOR POST-PETITION MORTGAGE PAYMENTS. MORTGAGE LENDERS SHALL NOT BE REQUIRED TO BILL THE. DEBTORS DIRECTLY UNDER THIS PROVISION, ALTHOUGH THE AUTOMATIC STAY SHALL BE DEEMED MODIFIED UPON CONFIRMATION OF THE DEBTORS' PLAN TO ALLOW THE BILLING OF POST-PETITION OBLIGATIONS.

**OTHER SECURED CREDITORS, "910 CAR LOAN" CREDITORS AND "ONE YEAR LOAN" CREDITORS, OTHER THAN DEBTS SECURED BY REAL ESTATE.:** Each holder of a claim under 11 U.S.C. § 1325(a)(9) shall retain its lien pursuant to 11 U.S.C. § 1325(a)(5). Pre-confirmation adequate protection payments to secured creditors required by §1326(a)(1) shall be made through the Chapter 13 Trustee, unless otherwise ordered, in the amount of the EMA provided in the Plan for that creditor. Such payments shall be subject to the Trustee's percentage fee as set by the designee of the United States Attorney General and shall be made in the ordinary course of the Trustee's business, from funds on hand as funds are available for distribution to creditors who have a filed claim. A creditor shall not receive adequate protection payments if the Plan does not provide for such creditor to be treated as secured in this paragraph. All creditors listed below shall receive adequate protection payments pursuant to §1326(a)(1), with the Trustee releasing such payments to each creditor only after a proof of claim is on file. Secured creditors, 910 car loan creditors and One Year Loan creditors will be required to release their liens on the collateral at discharge. In the event adequate protection is paid, any adequate protection paid pre confirmation will be credited against the allowed principal secured portion of the creditor. A CREDITOR MUST FILE A CLAIM TO OBTAIN ADEQUATE PROTECTION AND TO RECEIVE PAYMENTS UNDER THE PLAN. THE PLAN, HOWEVER, WILL DETERMINE THE VALUE OF THE COLLATERAL UNLESS THE OBLIGATION IS A 910 CAR LOAN OR A ONE YEAR LOAN CLAIM. All adequate protection payments will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). Secured creditors will be paid equal monthly payments from the funds available to pay those claims after the deduction of Trustee fees. Debtors reserve the right to increase the payments to the secured

6

creditors beyond the equal monthly payment, as Debtors may be willing and able to pay.However, the Trustee shall not be required to make any pre-confirmation adequate protection payments on account of any allowed secured claim with a secured value of less than $2,000.00.

    1.    <u>910 Car Loan" and "One Year Loan" Creditors (Claims to which §506 valuation is not applicable).</u> Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle acquired for the personal use of the Debtors for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount listed below with the appropriate discount rate

    a.    <u>910 Car Loan Creditors.</u> The following creditors are "910" creditors, as defined in 11 USC 1325(a)(9) who claim a purchase money security interest in a motor vehicle. The Debtors may not cram down the value without the creditor's agreement if the collateral is a motor vehicle acquired for the personal use of the Debtors. The monthly payment specified is an estimate. The actual amount may vary, depending upon the allowed claim. If additional funds are available, payments may be increased to pay the claim more quickly than proposed. These claims shall be paid with the appropriate discount rate of interest.

| CREDITOR NAME | COLLATERAL | AMOUNT | EMA OWED |
|---|---|---|---|
| *GMAC Processing Center* | *2006 Chevrolet Cobalt* | *$9,303.63* | *Prorata* |

    b.    <u>One Year Loan Creditors.</u> The following creditors are One Year Loan creditors, as defined in 11 USC 1325(a)(9). Debtors propose to pay these creditors the balance of the debt as indicated below. The following creditors have a purchase money security interest in personal property other than a motor vehicle acquired for the personal use of the Debtors. These claims are for debts incurred within the one-year preceding the filing of the bankruptcy petition. The monthly payment specified is an estimate. The actual amount may vary, depending upon the allowed claim.

| CREDITOR NAME | COLLATERAL | AMOUNT | EMA |
|---|---|---|---|
| *Nebraska Furniture Mart* | *Furniture* | *$447.00* | *Prorata* |

    2.    <u>Claims to which §506 valuation is applicable.</u>  Claims listed in this subsection consist of any claims secured by personal property not described the preceding paragraph. The portion of any allowed claim that exceeds the value indicated below will be treated as a non-priority unsecured claim. See §§1325(a)(5) and 506(a). After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment listed below with the appropriate discount rate.  *N/A*

7

**COLLATERAL TO BE SURRENDERED** The Debtors will surrender the following collateral no later than thirty (30) days from the filing of the petition unless otherwise specified in the Plan. Any repossession or foreclosure prior to confirmation of this plan must be obtained by filing a motion and obtaining an order from the Court, unless the automatic stay no longer applies under 11 USC 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. This provision is not intended to lift any applicable co-Debtor stay, or to abrogate Debtors' state law contract rights.

| NAME OF CREDITOR | COLLATERAL TO BE SURRENDERED | SURRENDER IN LIEU OF ENTIRE DEBT. |
|---|---|---|
| **Mortgage Company** | **Collateral** | **Est. Total Debt** |
| *Countrywide Home Loans* | *1391 East 120th Street, Olathe, KS* | *$115,000.00* |
| *Countrywide Home Loans* | *1391 East 120th Street, Olathe, KS* | *$28,000.00* |

**LIEN AVOIDANCES:** Debtors will seek to avoid the following liens under 11 USC 522(f) by the filing of an appropriate motion.

NAME OF CREDITOR          LIEN TO BE AVOIDED

*N/A*

**EXECUTORY CONTRACTS & UNEXPIRED LEASES:** Post-petition payments on executory contracts and unexpired leases which are assumed shall be paid directly by the Debtors. Any pre-petition arrearages shall be cured by direct payments made by the Debtors.

CREDITOR NAME          PROPERTY DESCRIPTION ACCEPT OR REJECT

*T-Mobile*                    *Cell phone contract*                    *Accept*

**GENERAL UNSECURED CREDITORS:** The filed and allowed claims of non-priority unsecured creditors will share pro rata in any funds paid during the term of this Plan only after the satisfaction of all other claims described in this Plan. If all other claims are equal to or greater than the total amount paid into the Plan, the filed and allowed non-priority unsecured creditors shall receive nothing under this Plan.

**SPECIAL CLASS CREDITORS:**

Special Class creditors are generally paid 100% and paid after secured and priority creditors. If interest is applicable, please designate so that the claim will be paid pro rata along with other secured creditors.

*N/A*

**STUDENT LOAN OBLIGATIONS:** Current student loan payments shall be made directly by the Debtors to the student loan creditor unless otherwise indicated.

**PLAN AMENDMENTS:** Debtors hereby reserve the right to modify this plan pursuant to 11 USC 1329 and to include post-petition debt pursuant to 11 USC 1322(b)(6).

**PROPERTY OF ESTATE:** In addition to the property specified in 11 USC 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtors shall remain in possession of all property of the estate. Property claimed as exempt by the Debtors and to which no timely objection is filed shall be deemed or included in property of the estate.

**EFFECT OF CONFIRMATION: ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION.** If a creditor files a secured claim that is not provided for in the plan, the claim will be allowed as filed unless objected to by the Debtors or resolved by plan amendment or agreement of the parties. All property of the estate will revest in the Debtors at discharge, unless otherwise ordered by the Court pursuant to 11 USC 1322(b)(9). **ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTORS AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

CONFIRMATION OF THE PLAN SHALL BE DEEMED A FINDING BY THE BANKRUPTCY COURT THAT THE DEBTORS HAVE COMPLIED WITH ALL OF THE APPLICABLE SECTIONS OF 11 U.S.C. § 1322 AND § 1325 AND THAT DEBTORS HAVE FULFILLED ALL OF THEIR PRE-CONFIRMATION OBLIGATIONS UNDER 11 U.S.C. § 521.

NOTES:

1.      Any arrearages listed in the Plan are the Debtors' best estimate of the amount owed as of the date of the petition. The Trustee's office will pay arrearages based on the filed and allowed proof of claim of the creditor pursuant to Local Rule 3015(b).1. If no arrearage amount is shown on the proof of claim, none shall be paid.

2.      The Debtors shall continue to repay any loans against the 401(k) Plan through payroll deductions.

3.      Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the Plan, will receive no further distribution from the Trustee, unless an itemized proof of claim for any deficiency is filed within 120 days after the removal of the property from the protection of the automatic stay. For purposes hereof the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or released to another lien holder. Any unsecured deficiency shall be discharged upon discharge in this case or discharge in a conversion to Chapter 7.

4.      If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of

*distribution and for any other purpose under the Plan.*

5.      *Holders of secured claims may not impose late fees on amounts due after the date of filing on the basis that there was an arrearage owed as of the date of filing.*


Dated:          *August 30, 2011*


                                        *Is/ Julie K Bergstrom*
                                        Debtor